OPINION of the Court, by
Ch. J. Boyle.
This ⅛ a writ of error to a judgment entered upon an award made in pursuance of an order of court. The plaintiff in.error objected to entering judgment upon the award, because ⅛6 arbitrators had heard evidence in relation to matters not within the submission, and introduced testimony to prove the fact; but it did not appear that su('^ matters were taken into consideration by the arbi-trators in making their award, and the court below over-ruled the objection.
The only question presented by the assignment of er-ror> ‘s’ whether the court decided correctly in overrul-. ing the objection to the award ?
That they did so, we have no doubt. The power of the arbitrators to determine the principal matter sub-mitted to them, necessarily involves the power to de-clde incidental points in relation to tire competency or relevancy of the evidence offered by the parties ; and as a misjudgment in respect to the former, would not viti-ate their award, so it would not in respect to the latter: jor jftbe award is conclusive as to the principal matter of controversy, it must necessarily be so as to incidental points. Had the award indeed purported to decide mat-¡ ters not submitted to the arbitrators, it would not have been binding upon the parties» But that is uot the case here: for the award purports only to have determined the matters submitted. And if in making their aw ard the arbitrators have been influenced by irrelevant evidence, it is an error of judgment only, to which the par, ties must submit.
Judgment affirmed with costs.